**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA K. KOUTSOUROS NEE CROUSE, *on her own behalf and on behalf of other similarly situated persons*, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2; <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3; <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1; <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4; <br><br> Defendants. | Case No: 22-11252 <br><br><br> (JURY DEMAND) |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

### I.    JURISDICTION AND VENUE

1.    This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b).

2.    Venue lies in this district pursuant to 28 U.S.C. §§ 1391(b), 1409.

### II.    PARTIES

3.    Plaintiff/Debtor is a natural person and Chapter 13 debtor in the above referenced bankruptcy case.

4.       Defendant National Collegiate Student Loan Trust 2006-1 ("NCSLT 2006-1 Trust") is a Delaware statutory trust, formed and existing pursuant to the laws of the state of Delaware for the purpose of acquiring purported student loan consumer debts for collection.

5.       Defendant National Collegiate Student Loan Trust 2006-2 (NCSLT 2006-2 Trust") is a Delaware statutory trust, formed and existing pursuant to the laws of the state of Delaware for the purpose of acquiring purported student loan consumer debts for collection.

6.       Defendant National Collegiate Student Loan Trust 2006-3 ("NCSLT 2006-3 Trust") is a Delaware statutory trust, formed and existing pursuant to the laws of the state of Delaware for the purpose of acquiring purported student loan consumer debts for collection.

7.       Defendant National Collegiate Student Loan Trust 2007-1 ("NCSLT 2007-1 Trust") is a Delaware statutory trust, formed and existing pursuant to the laws of the state of Delaware for the purpose of acquiring purported student loan consumer debts for collection.

8.       Defendant National Collegiate Student Loan Trust 2007-4 ("NCSLT 2007-4 Trust") is a Delaware statutory trust, formed and existing pursuant to the laws of the state of Delaware for the purpose of acquiring purported student loan consumer debts for collection.

## III.    FACTUAL ALLEGATIONS

9.       Plaintiff/Debtor filed her Chapter 13 bankruptcy on May 16, 2022.

10.      Plaintiff/Debtor is allegedly obligated to pay the NCSLT Trusts for student loans in the total estimated amount of $150,000.00.

11.      Plaintiff/Debtor is currently employed as a school teacher in Council Rock School District in Bucks County Pennsylvania.

12.     In November 2021, Defendants' collection agency, MRS, sent five (5) collection letters received by Ms. Koutsouros stating that it was initiating collection efforts regarding an outstanding balance claimed to be owed by her to the Defendants.

13.      In response to a debt verification letter sent to MRS by Plaintiff/Debtor, Ms. Koutsouros received documentation from MRS regarding all five loans, including payment histories from American Educational Services. Each loan verification response included accrued interest for each loan.

14.     On May 7, 2025, in an adversary proceeding entitled *Golden v. National Collegiate Student Loan Trust 2006-4 et al.*, Adv. Proc. No. 17-01005 (ESS), a United States Bankruptcy Court in the Eastern District of New York issued a Preliminary Injunction that ordered Defendants' loan servicer, PHEAA/AES, to stop taking any acts to collect on private loans that exceed the cost of attendance that were not otherwise exempted from discharge or were post-graduation loans used for living expenses for professional licensure while the matter is pending.

## IV.    CAUSES OF ACTION

15.     Bankruptcy Code § 523 (a)(8) provides in relevant that:

(a) A discharge under section 727, 1141, … 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—

…

(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual; …

16. Under § 221(d), the loan indebtedness must be incurred **solely** to pay qualified higher education expenses.

17. Upon information and belief, Plaintiff/Debtor does not believe her student loans allegedly purchased by the NCSLT Trusts meet requirements to be exempted from discharge provided under §523(a)(8) of the Bankruptcy Code.

18. Specifically, Plaintiff/Debtor does not believe her student loans meet the definitional requirements for exemption because she does not believe the loans were solely made for her actual cost of attendance.

19. Since it is the Creditor's burden to establish that its claim qualifies for the exemption under §523(a)(8), Debtor requests that Defendant do so.

WHEREFORE, Plaintiff requests the Court to declare that the subject loans do not meet the statutory definition provided in 11 USC § 523 (a)(8) for exemption from discharge and is therefore dischargeable under 11 USC §727.

Date: August 5, 2026                                    /s/Robert P. Cocco
                                                        ROBERT P. COCCO, P.C.